DECISION
Plaintiff appeals Defendant's denial of Plaintiff's requested three percent discount for the payment of her 2008-09 property taxes.
A case management conference was held on September 21, 2009. Plaintiff appeared on her own behalf. Linda Dunn (Dunn), Assessment and Taxation Supervisor, appeared on behalf of Defendant. The conference was converted to a trial.
 I. STATEMENT OF FACTS
Plaintiff testified that on November 15, 2009, she mailed two checks in payment of her 2008-09 property taxes to Defendant. Dunn clarified that Plaintiff "sent" two checks to "a lock box" used by the county for its collection and immediate deposit of checks for payment of property taxes. Plaintiff testified that one of the two checks "cleared" her bank, USAA Federal Savings Bank (USAA), on November 18, 2008. (Ptf's Compl at 8.) Plaintiff testified that the other check was "returned from my financial institution `because they were unable to locate the account upon which the check had been drawn.'" (Id.) Plaintiff testified that because it was not her fault that "someone" incorrectly "typed the account number on the bottom of the check," she *Page 2 
believes she is "entitled to the discount" on the payment of her property taxes. In support of her requested relief, Plaintiff offered the following statement from USAA:
 "A copy of this check [1072] indicated the account number and full routing number were not visible which caused the check to be returned `unable to locate account.'"
(Id. at 5.) Plaintiff's check was stamped "RETURN REASON — E UNABLE TO LOCATE ACCOUNT" and received by Dunn on or about November 24, 2008. (Def's Answer at 1; 4-7.) Dunn stated that, because Plaintiff sent her check to the lock box, Defendant's employees did not handle her check and could not have made a change to the "routing number." Defendant notified Plaintiff of the returned check, and Plaintiff promptly issued another check in full payment of the remaining balance.
 II. ANALYSIS
Plaintiff alleges that she is entitled to a three percent discount on the payment of her
2008-09 property taxes. ORS 311.505(3)[1] provides that
 "[d]iscounts shall be allowed on partial or full payments of such taxes, made on or before November 15 as follows:
 "(a) Two percent in two-thirds of such taxes so paid.
 "(b) Three percent where all of such taxes are so paid."
Plaintiff mailed her "replacement check" to Defendant on December 15, 2008. (Def's Answer at 1.) Prior to that date, Plaintiff had not "paid" her taxes because Plaintiff's bank refused to process her original check issued to Defendant in payment of her 2008-09 property taxes; that check was returned to Defendant and resulted in Plaintiff's appeal of the lost discount. *Page 3 
The statutory language is clear. A taxpayer is entitled to a discount of [t]hree percent where all of such taxes are so paid" on or before November 15. ORS 311.515(3). Plaintiffs taxes were not paid by November 15, 2008. Plaintiffs taxes were paid in full in December 2008.
 III. CONCLUSION
Unfortunately, Plaintiff is not entitled to the three percent discount she is seeking because she failed to meet the statutory requirements of ORS 311.505(3). Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is denied.
Dated this ___ day of October 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onOctober 8, 2009. The Court filed and entered this document on October 8,2009.
[1] References to Oregon Revised Statutes (ORS) are to year 2007. *Page 1